UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CIV-81500-BLOOM

ORAL WINT,

    Plaintiff,
v.

PALM BEACH COUNTY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** came before the Court on Defendant Palm Beach County's ("Defendant") Motion to Dismiss, ECF No. [5] (the "Motion") Plaintiff Oral Wint's ("Plaintiff") Complaint, ECF No. [1]. The Court has carefully reviewed the Motion, the record and applicable law, and for the reasons set forth below, **GRANTS** the Motion.

### I. BACKGROUND

On August 17, 2005, Plaintiff was terminated from employment with Palm Beach County Victim Services. Compl. ¶ 5. Alleging that he was wrongfully terminated on the basis of gender and asserting other discriminatory employment practices, Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"). *Id*. EEOC forwarded Plaintiff's complaint to Florida's Human Rights Commission ("FHRC"), which conducted an investigation to substantiate Plaintiff's complaint. *Id*. ¶ 6. Plaintiff was issued a "right to sue" letter. *Id*.

On September 10, 2008, Plaintiff filed a complaint against Defendant in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Circuit Court"),

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* ("Title VII") and Fla. Stat. Ch. 760 (the "Florida Civil Rights Act"). Compl. ¶ 7. Plaintiff amended his complaint on November 19, 2009. ECF No. [6-1] (Amended Complaint).[1] Defendant answered the amended complaint, conducted discovery and filed a motion for summary judgment. *See* ECF Nos. [6-2] (Answer), [6-3] (SJ Motion), [6-4] (Affidavit in Support). On April 23, 2013, the Circuit Court granted Defendant's motion and entered final summary judgment in favor of Defendant. Compl. ¶ 10, 12; ECF No. [6-5] (Final Summary Judgment).

Plaintiff appealed the Circuit Court decision. *See* ECF Nos. [6-10] (DCA Docket), [6-6] (Plaintiff's Appellant Brief); [6-7] (Defendant's Brief on Appeal). On October 9, 2014, Florida's Fourth District Court of Appeal (the "DCA") issued a *per curiam* affirmance of the Circuit Court's final judgment. Compl. Exh. 2. That same day, the DCA granted Defendant's motion for appellate attorney's fees. Compl. Exh. 3. The mandate was issued on October 31, 2014. Compl. Exh. 1.

Plaintiff did not file a motion for rehearing or clarification of the DCA's *per curiam* affirmance as permitted under relevant Florida rules of appellate procedure. Instead, on December 2, 2014, he commenced this action.

Plaintiff alleges that the Circuit Court "ignored all evidence used to establish [his] prima facie . . . case of discrimination" and "overlooked issues of fact and/or law . . . of great importance." Compl. ¶¶ 10, 12. Plaintiff states that "[u]nder Florida law a PCA cannot be appealed to the highest court of the State of Florida" which only reviews "district court of

---

[1] The Court takes judicial notice of the public record filings in the Circuit Court action. *See Universal Express, Inc. v. U.S. SEC*, 177 F. App'x. 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court); *Haddad v. Dudek*, 784 Fla. Supp. 2d 1308, 1324 (M.D. Fla. 2011) ("[T]he Court may take judicial notice of and consider documents which are public records, that are attached to the motion to dismiss, without converting the motion to dismiss into a motion for summary judgment.").

2

appeals cases that contain[] a 'statement or citation in the opinion that hypothetically could create conflict' with other DCA of Florida Supreme Court opinions." *Id.* ¶ 13.  Plaintiff seeks a "declaratory judgment that the Defendant engaged in practices of discrimination against Plaintiff based on his gender while an employee of Palm County [sic] Victim Services" and monetary damages for back pay and employment benefits. *Id.* ¶ 14.

Defendant filed the instant Motion on December 19, 2014.  To date, Plaintiff has failed to respond.

## II.     LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

3

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). A district court may also take judicial notice of court documents without on a motion for summary judgment. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In addition, Local Rule 7.1(c) provides that "[e]ach party opposing a motion shall serve an opposing memorandum of law" within fourteen days of receiving the motion, and that "[f]ailure to do so may be deemed sufficient cause for granting the motion by default." S.D. FLA. L. R. 7.1(c).

### III.  DISCUSSION

Defendant has raised several arguments in support of its motion, including that the *Rooker-Feldman*[2] doctrine bars Plaintiff's claims. Because the Court agrees, the Court need not address the Defendant's other arguments.

#### A.  The *Rooker-Feldman* Doctrine

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar*, 630 F.3d 1336, 1340-41 (11th Cir. 2011) (where applicable, *Rooker-Feldman* deprives federal court of subject matter jurisdiction). *Rooker-Feldman* is "confined to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The doctrine applies to claims actually raised before the state court

---

[2] *Rooker v. Fid. Trust. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

"and to those 'inextricably intertwined' with the state court's judgment." *Casale*, 558 F.3d at 1260. The *Rooker-Feldman* analysis is a two-part inquiry: first, whether the state court proceedings have ended, and second, whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See Velazquez v. South Fla. Fed. Credit Union*, 546 Fed. App'x 854, 856-57 (11th Cir. 2013).

### 1.      Whether the state court proceedings have ended

In order for *Rooker-Feldman* to apply, the state court proceedings must end, which occurs in three scenarios:

> (1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions (whether great or small) remain to be litigated.

*Nicholson*, 558 F.3d at 1275 (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 21 (1st Cir. 2005)). Determining the issue of whether the state court proceedings have ended requires examining the state of the proceedings "at the time the plaintiff commences the federal court action." *Id*. at 1279.

The first two *Nicholson* scenarios clearly apply here. The DCA affirmed the State's Court judgment in favor of Defendant. Based on Plaintiff's own allegations, the Supreme Court of Florida has interpreted article V, section 3(b)(3) of Florida's Constitution to bar review of *per curiam* affirmances issued by a district court of appeal. Therefore, "the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." Second, Plaintiff declined to seek rehearing of the DCA's *per curiam* affirmance or request that the DCA clarify its decision to affirm within the time permitted. The relevant procedural rules

provided Plaintiff fifteen days to request a rehearing or clarification of a decision entered without opinion. FLA. R. APP. PRO. 9.330(a). The DCA mandate was issued on October 31, 2014; Plaintiff's deadline expired before his December 2, 2014 commencement of this action. Thus, "the state action [] reached a point where neither party seeks further action."

### 2. Whether Plaintiff's claims are "inextricably intertwined" with the state court judgment

A claim is inextricably intertwined with a state court judgment "if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260 (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) and *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011).

Plaintiff explicitly asks the Court to review the Circuit Court determination based on alleged legal and factual errors. The complaint is, unequivocally, a collateral attack on the Circuit Court's findings and final judgment. Thus, *Rooker-Feldman* precludes the Court from considering Plaintiff's claims.

## IV. CONCLUSION

The Court dismisses the Plaintiff's Amended Complaint without prejudice, as it is jurisdictionally precluded from considering Plaintiff's claims under the *Rooker-Feldman* doctrine.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Palm Beach County's Motion to Dismiss, ECF No. [5], is **GRANTED**.

2. Plaintiff Oral Wint's Complaint, ECF No. [1], is **DISMISSED without**

**prejudice**, based on the *Rooker-Feldman* doctrine.

3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in chambers at Fort Lauderdale, Florida, this 14th day of January, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record